UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:15-cv-00029-MOC-DLH

| | |
|---|---|
| **WILLENE H. REID,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **CAROLYN W COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act (#17). Pursuant to the power of this court to award fees to a prevailing party, other than the United States, incurred by that party in a civil action against the United States, including proceedings for judicial review of agency action, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), and in light of the magistrate judge's Memorandum and Recommendations (#14) and this court's December 7, 2015 Order and Judgment (##15, 16) granting the Commissioner's Consent Motion to Remand (#13) and remanding this case to the Defendant for further proceedings, and it further appearing that such petition reflects that counsel for the Commissioner consents to the requested fee,

**IT IS HEREBY ORDERED** that the consented-to Plaintiff's Petition for Attorney Fees Pursuant to EAJA (#17) is **GRANTED**, the United States Social Security Administration shall pay attorney's fees in the amount of Three Thousand, Six Hundred and Ninety-Three Dollars ($3,693.00), in full satisfaction of any and all attorney's fee claims Plaintiff may have in this case under EAJA. Pursuant to the United States Supreme Court's ruling in Astrue v. Ratliff, 130

S. Ct. 2521 (2010), these attorney's fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. If, subsequent to the entry of the Court's EAJA Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney fees to offset, the Commissioner may honor Plaintiff's signed assignment of EAJA fees providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff. If, however, the Commissioner discovers that Plaintiff owes the government any debt subject to offset, the Commissioner shall pay any attorney fees remaining after such offset to Plaintiff, rather than to counsel.

Signed: December 28, 2015

Max O. Cogburn Jr.
United States District Judge